**Talia Y. Stoessel, OSB No. 115271**
BENNETT, HARTMAN, MORRIS & KAPLAN, LLP
210 S.W. Morrison Street, Suite 500
Portland, Oregon 97204-3149
Telephone: (503) 227-4600
Facsimile: (503) 248-6800
stoesselt@bennetthartman.com

    Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMES ANDERSON, ROBERT CRANE, DARREN GLEBE, NATHAN STOKES, DAVID ALEXANDER, JOHN ANDERSON, JAMES M. WRIGHT, and KYLE IZATT, Trustees for the AGC-INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701 PENSION, HEALTH AND WELFARE, AND TRAINING TRUST FUNDS, <br><br>    Plaintiffs, <br><br> vs. <br><br> ROSS ISLAND SAND & GRAVEL CO., an Oregon corporation <br><br>    Defendant. | Case No. _____ <br><br> COMPLAINT <br><br> Suit to Enforce Collective Bargaining Agreement and Contributions Obligation under 29 U.S.C. §§185, 1132 and 1145 and for Injunctive Relief |

**JURISDICTION AND VENUE**

1.

This action arises under Section 502 of the Employee Retirement Income Security Act

and Section 301 of the Taft-Hartley Act. (29 U.S.C §1132 and 185). This Court has exclusive

COMPLAINT                                                                                    Page 1 of 5

jurisdiction of this action pursuant to section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), for breach of a Collective Bargaining Agreement ("CBA") between an employer engaged in an industry affecting commerce and a labor organization representing employees in an industry affecting commerce.  This Court also has exclusive jurisdiction under the Employee Retirement Income Security Act ("ERISA"), Section 502, 29 U.S.C §1132, and Section 515 (29 U.S.C. §1145) because this action is brought by the trustees of an employee benefit plan to enforce the employer's obligation to agree to an audit according to the applicable Collective Bargaining Agreement.

2.

Venue is proper in this District insofar as Defendant has expressly consented.

## PARTIES

3.

Plaintiffs are Trustees of the AGC-International Union of Operating Engineers Local 701 Health and Welfare, Pension and Training Trust Funds ("Trust Funds").  Said Trust Funds were and are Trusts created pursuant to written collective bargaining agreements which are organized and existing pursuant to section 302 of the LMRA (29 USC §186).  Said Trust Funds are also multi-employer "employee benefit plans" for purposes of 29 U.S.C. §1132(d)(1) and  §1002, in that they are established and maintained for the purpose of providing medical, disability, pension, training and other related needs of employees within the purposes of the Trust Fund.

4.

At all times relevant hereto, Defendant was a corporation organized and existing under and by virtue of the laws of the State of Oregon.

5.

Defendant is, and has been, engaged in the construction industry and, as such, has been engaged in an industry affecting commerce, within the meaning of the LMRA, 29 U.S.C. § 152, and within the meaning of ERISA, 29 U.S.C. §1002.

## FACTUAL ALLEGATIONS

6.

Defendant entered into a Master Labor Collective Bargaining Agreement with the International Union of Operating Engineers, Local 701 ("Local 701"). Defendant also entered into express contractual agreements with the Trust Funds when it submitted its contribution reports stating that it agreed "to be bound by the Trust Agreements creating and controlling the Fringe benefits listed. . . ."

7.

Under the terms of the Collective Bargaining Agreements, Defendant agreed to make monetary contributions on behalf of its employees performing work within the jurisdiction of Local 701 to the Trust Funds.  Defendant further agreed to be bound by the terms and provisions of the Trust Agreements as amended that governed each of the respective Trust Funds.

## FIRST CLAIM FOR RELIEF

8.

The Trust Agreements, as amended, that govern the respective Trust Funds required Defendant to file monthly reports to the Trust Funds on its employees covered by the Collective Bargaining Agreements setting forth the amount of hours worked by Defendant's employees.  In addition, Defendant is required to make monthly payments to the Trust Funds based on the

number of hours its employees worked in the preceding month at the rate and manner specified in the Collective Bargaining Agreement.

9.

Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit timely and complete contributions along with the monthly reports for the month of May 2018.  As a result, Defendant owes $22,131.95 in liability to the Trust Funds (e.g., not including liquidated damages, interest, or other assessments).

10.

Plaintiffs complied with all conditions precedent to bringing this suit. Plaintiffs retained the undersigned attorneys to collect the monies that may be found due and owing from Defendant.

11.

Plaintiffs are entitled to enforcement of the Collective Bargaining Agreement and Trust Agreements.  Further, Plaintiffs are entitled to attorneys' fees and costs as well as liquidated damages and interest on the unpaid contributions pursuant to the Trust Agreements and to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiffs pray for Judgment against Defendant as follows:

1. That Defendant be ordered to submit contributions in the amount of $22,131.95 for work performed in May 2018;

2. That Defendant be ordered to pay interest on the amount that is due pursuant to the Collective Bargaining Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g);

3. That Defendant be ordered to pay liquidated damages and interest on the amount that is due pursuant to the Collective Bargaining Agreement, the Trust Agreements; and 29 U.S.C. § 1132(g);

4. That Defendant be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs; and

5. For such further relief as the Court deems equitable.

DATED this 3rd day of July, 2018.

      *s/ Talia Y. Stoessel*
TALIA Y. STOESSEL, OSB No. 115271
Of Attorneys for Plaintiffs
503-227-4600 (telephone)
stoesselt@bennetthartman.com (email)